## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL MEER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 1058 |
| | ) | |
| **BRUCE GRAHAM**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Dr. Michael Meer ("Meer"), a former clinic chief at the University of Illinois College of Dentistry, alleges that he was summarily suspended from his position without the appropriate procedure, and was thereafter discharged in retaliation for his suit. Defendants Bruce Graham ("Graham"), Sylvia Manning ("Manning"), Michael Tanner ("Tanner"), Gene Sbalchiero ("Sbalchiero"), and the Board of Trustees of the University of Illinois (the "Board") have moved to dismiss Meer's amended complaint (the "complaint"). I grant the motion in part and deny it in part.

I.

In resolving defendants' motion, I must accept all well-pled facts in Meer's complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to Meer. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal of a claim is proper if Meer has not, at minimum, made enough factual allegations to raise his right to relief above a "speculative level." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127

S. Ct. 1955, 1964 (2007) (citations omitted); *see also Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, – F.3d –, 2007 WL 2406859, at *4 (7th Cir. 2007) (explaining that while *Bell Atlantic* did not change the federal pleading standard to a fact-pleading regime, "[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled"). In addition to the allegations contained in Meer's complaint, I may consider the complaint's attachments. See FED. R. CIV. P. 10(c); *Help at Home, Inc. v. Med. Capital, LLC*, 260 F.3d 748, 752 (7th Cir. 2001) (citation omitted). I may also consider documents defendants attach to their motion to dismiss that are referenced in Meer's complaint and are central to his claims. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

The well-pled facts as alleged in Meer's complaint are as follows: Meer was the Clinic Chief and Director of the Postgraduate Program in Oral Maxillofacial Surgery at the University of Illinois at Chicago ("UIC") College of Dentistry ("College of Dentistry"). (Comp. ¶ 4.) The Board governs the campuses in the University of Illinois system including the College of Dentistry. (*Id.* at ¶ 5.) Graham was the dean of the College of Dentistry, and Sbalchiero the acting head of the Department of Oral and Maxillofacial Surgery who replaced Meer as postgraduate program director and who signed the letter telling Meer his contract would not be renewed. (*Id.* at ¶¶ 6, 9.) Manning was the chancellor of UIC and Tanner the provost. (*Id.* at ¶¶ 7-8.)

Until September of 2006, Meer had an unblemished professional record at the College of Dentistry. (*Id.* at ¶ 13.) On September 14, 2006, Graham sent Meer a letter informing him that until further notice he was temporarily removed from "all duties, responsibilities, and authorities" related to his position as clinic chief and director. (*Id.* at ¶ 14.) A few days later Meer's counsel informed Graham that his actions violated UIC and "Graduate Medical Education" policies in part because the Chancellor did not participate in the decision. (*Id.* at ¶¶ 17-21.) UIC's council responded with a letter stating that its action was taken "with the cognizance of the Chancellor" and that "no proceedings for sanction have been initiated." (*Id.* at ¶ 22.)

Meer sent an additional letter restating his position and requesting a description of the allegations against him since he did not know anything about why he had been suspended. (*Id.* at ¶¶ 23-27.) Graham then sent a letter directly to Meer setting out some allegations against Meer, including that Meer had overseen and taken no action when another doctor had purportedly insulted residents, improperly placed residents on probationary status, improperly pressured residents to participate in an elective rotation, and violated the UIC policy on residents' working hours. (*Id.* at Ex. E.) The letter also referenced an on-going investigation into certain billing issues. (*Id.*) Graham also stated in the letter that he needed to continue to look into these matters, and advised Meer that "[s]hould [he] desire to address these allegations, please do so in writing. . . within the next

fourteen days." (*Id.*)  UIC several times denied Meer's request to speak to Manning directly.  (*Id.* at ¶¶ 34-37.)  On May 2, 2007, defendants terminated Meer.[1]  (*Id.* at ¶ 40.)  Meer alleges this violated the university policies requiring notice for such decisions.  (*Id.* at ¶¶ 41-42.)

Meer has brought claims (1) for mandamus seeking to reinstate him pending a formal review process (Count I); (2) for a petition for declaratory judgment that Meer has a right to immediate reinstatement pending formal review (Count II); (3) for injunctive relief mandating immediate reinstatement pending formal review (Count III); (4) under 42 U.S.C. § 1983 (2007), alleging that his removal violated his right to procedural and substantive due process under the Fourteenth Amendment (Counts IV and V); (5) under 42 U.S.C. § 1983, alleging that his removal violated his right to equal protection (Count VI); (6) for retaliatory discharge (Count VII); (7) for mandamus that in the alternative the court order UIC to provide Meer with a "terminal contract" (Count VIII); (8) another claim in the alternative for a declaratory judgment that Meer has a right to a "terminal contract" (Count IX); (9) for injunctive relief ordering defendants to immediately provide Meer with a "terminal contract" (Count X); and (10) § 1983 substantive and procedural due process claims and a § 1983 equal protection claim labeled "(Termination of Contract)(In the Alternative)"

---

[1]Meer's complaint alleges the letter informed him he was terminated; the letter stated that Meer's appointments as clinical assistant professor and clinic chief would not be renewed when they expired on August 15, 2007.

(Counts XI, XII and XIII).  Meer originally brought suit in the Circuit Court of Cook County, but defendants removed the matter to this court.  After defendants filed a motion to dismiss the original complaint, Meer filed the present amended complaint. Defendants have moved to dismiss the present complaint.

## II.

Count IV of Meer's complaint is a § 1983 claim for violation of his right to procedural due process under the Fourteenth Amendment.  Meer contends that his removal impinged upon both property and liberty interests in his position at the College of Dentistry.  In order to show that defendants violated his right to due process, Meer must show that (1) he had a constitutionally-protected property or liberty interest; (2) he suffered a loss of that interest amounting to a deprivation; and (3) the deprivation occurred without due process of law.  *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 360 (7th Cir. 2005) (citing *Polenz v. Parrott*, 883 F.2d 551, 555 (7th Cir. 1989)) (discussing deprivations of property interests); *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003) (discussing deprivations of both property and liberty interests). Defendants contend Meer has not shown that he had either a property or liberty interest in his positions.  I conclude that Meer has stated a claim for deprivation of a property interest, but not a liberty interest.

### A.  Property Interest

Meer's complaint alleges that he had a property interest in his position as clinic chief and director, his compensation and

benefits stemming from those positions and the performance of surgeries, the enhancement of his reputation, the way that his current positions and non-removal affected his future professional opportunities, and in ensuring defendants do not defame him in relation to his removal. Federal courts look to state law in determining whether an employee has a property interest in continued employment. *Luellen v. City of Chicago*, 350 F.3d 604, 613 (7th Cir. 2003) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985)). Under Illinois law, Meer has a property interest in a particular job only if he has "a legitimate expectation of continued employment based on a legitimate claim of entitlement." *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007) (citations omitted). Under Illinois law, to show a legitimate expectation of continued employment Meer must point to "a specific ordinance, state law, contract or understanding limiting the ability of the state or state entity to discharge him." *Id.* (quotation omitted).

Defendants argue that Meer has not sufficiently alleged that he had a property interest in his employment because he has not sufficiently alleged any source of entitlement to continued employment. Meer responds that he has not alleged that he had a property interest in "simply keeping his job" but rather that his "interests lie in having a proper investigation and hearing before the sanctions of removal may be levied against a person in his position." This view of his own claim would seem to doom it. The Seventh Circuit has repeated several times that for an ordinance,

state law, contract or understanding to give rise to a constitutionally-protected property interest, it "must go beyond mere procedural guarantees to provide some substantive criteria limiting the State's discretion." *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997) (quoting *Cain v. Larson*, 879 F.2d 1424, 1426 (7th Cir. 1989)). The Seventh Circuit explained in *Cain* that "[i]f a statute or regulation merely delimits what procedures must be followed before an employee is fired, then it does not contain the requisite substantive predicate." 879 F.2d at 1426 (citing *Bishop v. Wood*, 426 U.S. 341, 347 (1976); *Bd. of Regents v. Roth*, 408 U.S. 564, 578 (1972); *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 11 (1977)). If all that Meer is alleging is that he has a right to investigation and hearing, this does not meet the requirements for a "substantive predicate" under *Cain*.

The provisions of the "university statutes" (the university bylaws, which are not part of the Illinois state statutes) that Meer's complaint points to, however, allow him to sufficiently allege a property interest in his position as clinic director. The university statutes provide, in relevant part,

> a. Severe sanctions other than dismissal for cause may be imposed on a member of the faculty, as defined in Article II, Section 3a(1) of the *Statutes*, provided that procedures on a campus adopted by the campus chancellor in consultation with the campus senate are followed. . . . These campus procedures are the exclusive process for determining whether severe sanctions other than dismissal for cause may be imposed.
>
> . . .

> d. adequate due cause for severe sanctions
> other than dismissal shall be restricted to
> actions clearly related to University
> activities and shall be limited to the
> following . . . .

(Compl. Ex. K, University Statutes Art. IX, § 6.) This provision provides that there must be due cause for "severe sanctions" and goes on to explain that "a severe sanction other than dismissal consists of suspension with or without salary (full or partial) for a period not to exceed one-half of the individual's normal appointment period." (*Id.* at § 6(e).) It is possible, though not clear from the statutes, that removal from the position of clinic director qualifies as a "severe sanction."

Further, I disagree with defendants that under the university statutes Meer cannot be a member of the faculty so that Article IX does not apply to him. Meer alleges in his complaint that he was a clinic chief and director of the postgraduate program in oral maxillofacial surgery, and was also a clinical assistant professor. The university statutes provide:

> The faculty of the University and any of its
> units except for the Graduate College consists
> of those members of the academic staff with
> the rank or title in that unit of professor,
> associate professor, or assistant professor
> who are tenured or receiving probationary
> credit toward tenure, and those administrators
> in the direct line of responsibility for
> academic affairs (persons who hold the title
> director or dean in an academic unit, provost,
> chancellor and president).

(Compl. Ex. K, University Statutes Art. II § 3(a).) The university statutes do not define "academic unit." The parties agree that Meer does not allege that he had tenure or was receiving

probationary credit toward tenure or that he held the title of dean, provost, chancellor or president, so the only way Meer could qualify as "faculty" for purposes of Article IX is if he held the title of director in an academic unit. He contends that he did because he was the director of the postgraduate program in oral maxillofacial surgery, which he contends is an academic unit.

Defendants contend that the postgraduate program of oral maxillofacial surgery is not an academic unit. They point to Article II § 4, which states, "In addition to colleges and departments, there may be other units of a campus, such as a school, institute, center, hospital and laboratory, of an intermediate character designed to meet particular needs." (Compl. Ex. K, University Statues Art. II § 4(a).) It is not clear whether "unit" in this article is the same as "academic unit." Further, this definition of "unit" does not foreclose the possibility that the postgraduate program in oral maxillofacial surgery might be an "academic unit." Section 4(d) of that same article does provide, in part: "the school organized within a college is an educational and administrative unit composed primarily of academic subunits. The subunits are related and have common interests and objectives but emphasize academically distinct disciplines or functions." (*Id.* at § 4(d).) This section suggests that the postgraduate program of oral maxillofacial surgery, part of the College of Dentistry, is an academic subunit. However, for purposes of a motion to dismiss, without more information about how the College of Dentistry functions and more information on the various "units,"

it is impossible at this stage of the litigation to definitively conclude whether Meer is a member of the faculty. For this reason, I find that Meer has adequately alleged that he had a constitutionally protected property interest.[2]

## B. Liberty Interest

Second, defendants contend that Meer has not adequately alleged that he has a recognized liberty interest. The due process clause of the Fourteenth Amendment protects against deprivations of liberty without due process of law. This includes occupational liberty, meaning "the liberty to follow a trade, profession, or other calling." *Wrobleski v. City of Washburn*, 965 F.2d 452, 455 (7th Cir. 1992) (quotations omitted). Occupational liberty encompasses the liberty to purse a calling or occupation, but not a specific job. *Id.* (citing *Lawson v. Sheriff of Tippecanoe County*, 725 F.2d 1136, 1138 (7th Cir. 1984); *Illinois Psychological Ass'n v. Falk*, 818 F.2d 1337, 1344 (7th Cir. 1987)). A governmental entity deprives one of a liberty interest when, in discharging or demoting him, the governmental entity makes a charge against him that "might seriously damage his standing and

---

[2]For similar reasons, I find that Meer has adequately stated a claim for a protected property interest in Counts XI and XII of his complaint. Meer alleges that the university statutes require that if he was not given twelve months' notice of defendants' intent not to renew his contract, UIC would provide him with a terminal contract "for an additional appointment which will extend the current appointment through the period of minimum notice." (Compl. Ex. K, University Statutes Art. IX § 11(4).) Therefore, Meer has adequately alleged he had a protected property interest in the additional appointment time period which could give rise to his procedural and substantive due process claims in Counts XI and XII.

associations in his community" or imposes "a stigma or other disability" that forecloses his "freedom to take advantage of other employment opportunities." *Roth*, 408 U.S. at 573-74. In addition, Meer must show that defendants publicized the purported reasons for his removal. *Simpkins v. Sandwich Cmty. Hosp.*, 854 F.2d 215, 218 (7th Cir. 1988) (citing *Yatvin v. Madison Metro. Sch. Dist.*, 840 F.2d 412, 417 (7th Cir. 1988); *Ratliff v. City of Milwaukee*, 795 F.2d 612, 626-27 (7th Cir. 1986)). Here, the letters that Meer attaches to his complaint contain a suggestion that Meer was removed from his position for more than just normal incompetence, but rather for participating in the severe mistreatment of subordinates and for financial irregularities potentially suggestive of dishonest or fraudulent conduct. However, there is not even a suggestion in the complaint that defendants publicized to anyone in the public the reasons for Meer's removal from his position as would be necessary to deny him his occupational liberty. While fact-pleading is not required, Meer has not raised his right to relief on this claim above a speculative level. *Bell*, 127 S. Ct. at 1964. Therefore, I grant defendants' motion to dismiss Meer's § 1983 procedural due process claim based on a violation of his right to occupational liberty.[3]

III.

---

[3]For similar reasons, I find that Counts XI does not state a claim for a violation of his right to procedural due process based on a deprivation of liberty. Meer has not sufficiently alleged that defendants publicized any reason for failing to provide him with a terminal contract such that he was deprived of his right to occupational liberty.

Count V of Meer's complaint alleges that defendants violated Meer's right to substantive due process by depriving him of his property interest in his positions within the College of Dentistry and his surgical duties, reputation, and income. To establish such a claim Meer must show that (1) the state's decision was arbitrary and irrational and (2) the state committed a separate constitutional violation. *Draghi v. County of Cook*, 184 F.3d 689, 694 (7th Cir. 1999) (citations omitted). As discussed above, I conclude that Meer has adequately alleged that he had a property interest in his positions. Further, Meer has alleged that defendants' actions in depriving him of that position were arbitrary and without a rational basis. Defendants contend that Graham's letter shows that defendants' actions were not arbitrary and without a rational basis, but the inclusion of the letter does not mean that Graham's stated reasons for Meer's removal are true. Count V adequately states a claim.

IV.

Count VI of Meer's complaint alleges that the removal from his position and the "rogue nature of the investigation against him" constitutes a violation of his right to equal protection. Since Meer has not alleged that he is a member of a protected class, he must proceed under a "class of one" theory, and show that he was treated differently from everyone else based on "totally illegitimate animus." *Olech v. Vill. of Willowbrook*, 160 F.3d 386, 388 (7th Cir. 1998). Meer has alleged that the treatment he received was irrational and arbitrary. Although he has not

specifically alleged that his unequal treatment was based on "illegitimate animus" I agree with Meer that he has adequately stated a claim. Meer has alleged that defendants failed to follow their own policies in removing him from his position and delayed giving him a reason for the removal, and suggests that the stated reason defendants ultimately gave was untrue. Although to prove his claim Meer must do more than prove that the defendants lied about the reason he was removed, for purposes of a motion to dismiss Meer has adequately stated a claim that his unequal treatment was based on illegitimate animus. He has raised his right to relief on this claim above a speculative level, *Bell*, 127 S. Ct. at 1964, so I deny defendants' motion to dismiss it.

V.

Count VII of Meer's complaint brings a claim for retaliatory discharge, alleging that his contract was not renewed because he filed the instant lawsuit. Although Meer's complaint does not indicate whether he attempts to bring this claim under Illinois or federal law, he clarifies in his response that this is a federal claim. A First Amendment retaliation claim requires that (1) the plaintiff was engaged in constitutionally protected speech, and (2) the defendant retaliated against the plaintiff because of that speech. *Caldwell v. City of Elmwood*, 959 F.2d 670, 672 (7th Cir. 1992) (citation omitted). Constitutionally protected speech must be speech that, at minimum, addresses a matter of public concern. *Wernsing v. Thompson*, 423 F.3d 732, 750-51 (7th Cir. 2005) (setting forth the *Connick-Pickering* balancing test for First Amendment

retaliation cases first articulated in *Connick v. Myers*, 461 U.S. 138 (1983) and *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968)). Defendants contend that Meer's lawsuit did not involve a matter of public concern because it involved his personal removal and did not touch on any issues of public concern. I disagree. Meer's lawsuit, although bringing his personal claims against the defendants (as any plaintiff would have to do in order to have standing) alleges that UIC and the College of Dentistry do not follow their own policies in making decisions concerning the removal of employees. That a state-run university with a hospital component was not following its own policies in making employment decisions about faculty and was violating the constitutional rights of employees, particularly if litigation revealed systematic violations of employee policy, could be a matter of public concern and not just a personal grievance. *See, e.g.*, *Wernsing*, 423 F.3d at 751 (citations omitted). Therefore, I deny defendants' motion to dismiss Count VII.

VI.

Defendants have moved to dismiss Counts VIII through XIII, counts in Meer's complaint labeled "In the Alternative." Each of these counts is predicated on Meer's allegations that Article IX, Section 11 of the university statutes applies to Meer. Meer alleges that on May 2, 2007, defendants informed him that his contract would not be renewed when it expired on August 15, 2007. Article IX, Section 11 provides that, at minimum, twelve months advance written notice of nonreappointment should be given to

"full-time academic professional staff" with four or more years of full-time service to UIC. (Compl. Ex. K, University Statutes Art. IX § 11(1).)[4] It further provides that where "the time remaining in the appointment year is less than the required minimum notice period" the notice must be accompanied by an offer "of a terminal contract for an additional appointment which will extend the current appointment through the period of minimum notice." (*Id.* at § 11(4).) In his complaint, Meer alleges that he is full-time academic professional staff, and he alleges that he has been a clinical assistant professor with the College of Dentistry since April 1994. It is not clear what "full-time academic professional staff" means, or that Meer does not qualify. Therefore, this is not a basis to dismiss these claims.[5]

## VII.

Next, defendants contend that the constitutional claims brought against Graham, Manning, Sbalchiero and Tanner in their individual capacities (Counts IV through VI and XI through XIII) should be dismissed because these defendants are protected by the

---

[4]Section 11 provides certain exceptions to this requirement which neither side contends are applicable here.

[5]Defendants have also moved to dismiss Meer's equal protection claim in Count XIII, contending he has not alleged he was treated differently from anyone similarly situated to him. Meer clearly makes this allegation.

doctrine of qualified immunity.[6]  I deny defendants' motion to dismiss on this basis.

In assessing whether defendants are entitled to qualified immunity, I must first resolve the threshold question of whether the defendants' conduct violated a constitutional right. *Steidl v. Fermon*, 494 F.3d 623, 627 (7th Cir. 2007) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)); *see also Scott v. Harris*, 127 S. Ct. 1769, 1774 (2007) (quoting *Saucier* and emphasizing that although this ordering contradicts the normal policy of avoiding unnecessary adjudication of constitutional issues, it is "necessary to set forth principles which will become the basis for a [future] holding that a right is clearly established") (citations omitted).  If so, then I must determine whether it was "clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Steidl*, 494 F.3d at 627 (citing *Saucier*, 533 U.S. at 201; *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Davis v. Scherer*, 468 U.S. 183, 191 (1984)).  Although qualified immunity is an affirmative defense, in certain circumstances it is appropriate to resolve the applicability of qualified immunity on a motion to dismiss. *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 1990) (citations omitted).  However, the "notice pleading

_____

[6]Meer's complaint does not specify that certain claims are brought only against certain defendants, so presumably all claims are brought against all defendants, and against all these defendants in both their individual and official capacities. Also, Count VII is a constitutional claim (a First Amendment retaliation claim) but defendants do not contend that they have qualified immunity from this claim.

requirements of Rule 8 do not require that a plaintiff anticipate the assertion of qualified immunity by the defendant and plead allegations that will defeat that immunity." *Id.* (citing *Crawford-El v. Britton*, 523 U.S. 574, 595 (1998); *Gomez v. Toledo*, 446 U.S. 635, 639-40 (1980)).

Here, Meer has adequately alleged that defendants violated his right to substantive and procedural due process and equal protection. Meer has adequately alleged that he had a property interest in his position and that he was treated differently than other employees due to defendants' illegitimate animus. The relevant question is whether this right was clearly established at the time of the alleged violation. Defendants contend that the law was not clearly established and that a reasonable official would believe that Meer was not a member of the faculty so that he had no right to the relevant procedural due process before being removed from his position. However, since Meer has adequately pled that he was a member of the faculty, a reasonable official would know that Meer had a property interest in his position and was entitled to due process before being removed.[7] Therefore, I cannot conclude at this time that the individual defendants are entitled to qualified immunity. Defendants' motion to dismiss on this ground is denied.

VIII.

---

[7]Although defendants argue the individual defendants are entitled to qualified immunity on all of Meer's constitutional claims, they make no arguments that the law concerning Meer's equal protection claims was not clearly established, or that the law concerning Meer's retaliatory discharge claim was not clearly established.

Defendants also argue that the § 1983 claims brought against the Board and the individual defendants in their official capacities, Counts IV through VI and XI through XIII, should be dismissed because such claims may not be brought. This is true, since state officials in their official capacities are not "persons" who can deprive a party of his rights, privileges or immunities under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[8]

This does not affect Meer's claims for injunctive relief since "official capacity actions for injunctive relief are not treated as actions against the State." *Id.* at 71 n.10 (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Ex parte Young*, 209 U.S. 123, 159-160 (1908)).[9] However, it does affect Meer's claim for a declaratory judgment against both the individual defendants in their official capacities and the Board, since the Supreme Court held in *Green v. Monsour*, 474 U.S. 64 (1985), that plaintiffs may not bring declaratory judgment actions establishing the past liability of a state or state agency. *Id.* at 65-66; *see also*

---

[8]Although defendants' motion does not make this clear, the same reasoning applies to Count VII, a First Amendment retaliatory discharge claim, since such claims are also § 1983 claims. *See, e.g.*, *Metzger v. DaRosa*, 367 F.3d 699, 702 (7th Cir. 2004).

[9]However, to the extent that Meer attempts to bring his claims for injunctive relief against the individual defendants in their individual capacities, his claims fail because under § 1983 plaintiffs may not obtain injunctive relief against state officials sued in their individual capacities. *See Greenawalt v. Indiana Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005) (citing *Luder v. Endicott*, 253 F.3d 1020, 1024-25 (7th Cir. 2001)).

*Benning v. Bd. of Regents of Regency Univs.*, 928 F.2d 775, 778 (7th Cir. 1991) (holding that plaintiff could not seek a declaratory judgment against the board of regents because the only purpose of such a judgment would be "as a step toward a state damage or injunctive remedy" that would operate as an "end-run" around the Eleventh Amendment). Meer's complaint contends that the declaratory judgment he seeks in Count II is prospective since he seeks a declaration that he deserves reinstatement and the right to an appropriate review process. But this is really a declaratory judgment that his rights were violated in the past (i.e., that defendants violated his rights when, in the past, they removed him from his position and did not renew his contract).[10]  For these reasons, I grant defendants' motion to dismiss the claims against the Board and the individual defendants in their official capacities in Counts IV through VII and XI through XIII.  I also grant defendants' motion to dismiss Counts III and X against the individual defendants in their individual capacities, and Count II against the Board and the individual defendants in their official capacities.

IX.

Defendants argue that Meer's claims for a writ of mandamus should be dismissed because Meer has not established that he has a

_____

[10]The relief he seeks in Count IX, however, is prospective since he seeks a declaration that he is owed a terminal contract in effect until May of 2008.

clear right to reinstatement.  To establish a right to a writ of mandamus under Illinois law, a plaintiff must show "a clear, affirmative right to relief, a clear duty of the defendant to act, and clear authority in the defendant to comply with the writ." *Boyd v. Illinois State Police*, 384 F.3d 888, 896-97 (7th Cir. 2004) (quotation omitted).  Defendants argue that even if the university statutes set forth certain procedures that UIC and its employees are to follow (i.e. that they are to afford faculty members certain hearing rights before imposing sanctions, and offer a terminal contract to certain employees if they do not give them twelve-months notice that their contracts will not be renewed), they do not give employees the right to enforce those procedures.  I agree that to prevail on his claim for mandamus Meer ultimately will have to show a clear right to relief, but he has adequately stated a claim, so I will not grant defendants' motion to dismiss Meer's claims for mandamus.

X.

Finally, defendants have moved to dismiss Meer's claim for injunctive relief (Count III) because Meer cannot establish a likelihood of success on the merits, or irreparable harm.  I agree with Meer that his complaint adequately states a claim for injunctive relief.

XI.

For the above reasons, I grant defendants' motion to dismiss Counts IV and XI to the extent they bring claims for deprivation of a liberty interest, Counts IV through VII and XI through XIII to

the extent they bring claims against the Board and the individual defendants in their official capacities, Counts III and X to the extent they bring claims against the individual defendants in their individual capacities, and Count II against the Board and the individual defendants in their official capacities. This leaves intact Counts I and VIII against all defendants, Counts III, IX and X against only the Board and the individual defendants in their official capacities, and Counts II, IV through VII and XI through XIII against only the individual defendants in their individual capacities (and excluding any occupational liberty due process claims, which I have dismissed).

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 5,, 2007